UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUSUF O. BUSH,<br><br>   *Plaintiff*,<br><br> v.<br><br>KATERINA SEMYENOVA,<br><br>   *Defendant*. | Civil Action No. 16-2084 (RDM) |

## **MEMORANDUM OPINION**

In September 2014, Yusuf Bush pled guilty to one count of first degree sexual abuse in D.C. Superior Court. Dkt. 1 at 2–3; Dkt. 8-2 at 5. He soon regretted that decision and attempted to withdraw his plea. Dkt. 1 at 4; Dkt. 8-2 at 5. The Superior Court denied his motion, Dkt. 8-3 at 45, and the D.C. Court of Appeals affirmed, Dkt. 13-1. While his appeal was pending, Bush filed this suit against the D.C. public defender who represented him at the time he entered his guilty plea, Katerina Semyenova. Bush alleges that she "coerced [him] into taking a plea offer against his will," and thereby violated his constitutional rights and committed malpractice. Dkt. 1 at 3, 4.

Semyenova has moved to dismiss on two grounds: First, she argues that, as a public defender, she is not a government official subject to suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, *see Polk Cty. v. Dodson*, 454 U.S. 312 (1981); second, she contends that Bush's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a criminal defendant may not recover civil damages for "harm caused by actions whose unlawfulness[, if established,] would render [his] conviction or sentence invalid,"

*id.* at 486.[1] In response, Bush has filed two motions, one seeking to hold this action in abeyance, and another seeking leave to amend his complaint. In his motion to hold the case in abeyance, Bush seeks an indefinite stay while he pursues "a collateral attack to issues regarding defendant[']s 6th amendment violations to plaintiff." Dkt. 10 at 1. In the event that the Court denies that motion, Bush asks "that this court then dismiss this suit not in accordance with defendant[']s motion but instead with[out] prejudice until finality of plaintiff[']s habeas petition."[2] *Id.* His motion for leave to amend the complaint seeks to drop his constitutional claims against Semyenova, and keep his malpractice claim. Dkt. 11.

The Court "has the discretion to stay civil proceedings in the interest of justice and 'in light of the particular circumstances of the case.'" *Doe v. Sipper*, 869 F. Supp. 2d 113, 115 (D.D.C. 2012) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). That power "is incidental to the inherent power in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The question whether a

---

[1] Bush's claims of constitutional violations and malpractice appear to trigger this bar. The standard for malpractice under D.C. law is equivalent to the standard for ineffective assistance of counsel claims under the Sixth Amendment, *see McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980) ("the legal standards for ineffective assistance of counsel in McCord's criminal proceedings and for legal malpractice in this action are equivalent."), and each requires a showing of deficient performance and prejudice, *compare Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 664 (D.C. 2009) ("Under District of Columbia law, to prevail on a claim of legal malpractice, a plaintiff must establish the applicable standard of care, a breach of that standard, and a causal relationship between the violation and the harm complained of") *with Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on an ineffective assistance of counsel claim, "the defendant must show that the deficient performance prejudiced the defense.").

[2] Although Bush's motion asks that the Court dismiss this action *with* prejudice "until finality of plaintiff['s] habeas petition," Dkt. 10 at 1 (emphasis added), the Court assumes that this is simply a typographical error or an incorrect word choice. Reading Bush's motion in the light most favorable to him, as the Court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will, accordingly, construe the filing to request dismissal *without* prejudice.

stay should issue commonly arises when criminal and civil proceedings involving the same conduct are brought against the same defendant; in such cases "[t]he noncriminal proceeding, if not deferred, might undermine the [defendant's] Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery . . . , expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." *Dresser*, 628 F.2d at 1376. Semyenova relies on cases arising in that context in her opposition to Bush's motion to hold the case in abeyance, *see* Dkt. 13 at 2–3 (citing *Sipper*, 869 F. Supp. 2d at 116; *Horn v. District of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002)). In those cases, unlike this case, the criminal proceeding was ongoing at the time of the stay motions. *See Sipper*, 869 F. Supp. 2d at 115; *Horn*, 210 F.R.D. at 14. Here, in contrast, Bush has been convicted, and his conviction has been sustained on appeal; all that remains is his collateral challenge, which does not implicate the same Fifth Amendment issues posed in other cases. Nevertheless, the factors applied in *Sipper* provide a helpful guide for this Court's analysis. Among the relevant factors, each of which the Court "may give . . . as much weight as it determines to be necessary," are (1) "the relationship between the civil and criminal actions"; (2) "the burden on the court"; (3) "the hardships or inequalities the parties would face if a stay was granted"; and (4) "the duration of the requested stay." 869 F. Supp. 2d at 11.

The first two factors carry little weight. First, Bush's conviction is final, and there is, accordingly, little risk that permitting this civil matter to proceed would unfairly disadvantage either party. Bush's conviction arguably stands as a barrier to any civil recovery premised on a theory that "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The fact that Bush is pursuing a collateral challenge, which, if successful, might remove a barrier to this action, does not weigh in favor of granting a stay pending the outcome of

that proceeding. That possibility exists in every case in which the *Heck* bar is raised as a defense, yet courts in this district routinely dismiss such suits on *Heck* grounds, *see, e.g.*, *Chin v. Palchak*, 2010 WL 1640395, at *1 (D.D.C. Apr. 20, 2010); *Keys v. United States*, 2008 WL 2595115, at *1 (D.D.C. June 30, 2008). Second, granting a stay is unlikely to avoid a burden on the Court.

The remaining two factors, however, weigh against granting a stay. First, the equities do not favor allowing Bush to stay his own case. He brought this case, and he has failed to identify any prejudice he would suffer if the case is not held in abeyance. It is possible that Bush might face a problem with the statute of limitations, but, if so, he has failed to explain why that is so. Against those considerations, Semyenova has a strong interest in not having litigation pending against her indefinitely. That interest is particularly weighty, moreover, in light of the high hurdle Bush will face in attempting to overcome the Superior Court's finding—not challenged on appeal—that Bush "received the effective representation of counsel in connection with his trial and guilty plea." Dkt. 13-1 at 8. Second, and relatedly, the indeterminate length of the stay Bush requests weighs strongly against granting his motion.

The Court will, accordingly, **DENY** Bush's motion to hold this case in abeyance. Because Bush asks the Court in the alternative to dismiss his case without prejudice, and because Federal Rule of Civil Procedure 41(a)(1)(A)(i) grants him that right, the Court will **DISMISS** the action without prejudice, and will **DENY** Semyenova's motion to dismiss as moot.

A separate order will issue.

                                        /s/ Randolph D. Moss
                                        RANDOLPH D. MOSS
                                        United States District Judge

Date: June 9, 2017